ELMORE J. SWERER v. OHIO WESLEYAN UNIVERSITY (TR.).

**1. INTENTION OF TESTATOR GOVERNS IN CONSTRUCTION OF WILLS, ETC.**

In the construction of wills, the intention of the testator governs; rules of interpretation are valuable only in so far as they aid in ascertaining that intention.

**2. IMMEDIATE VESTED INTEREST IN LAND GIVEN UNDER WILL, ALTHOUGH CONTROL GIVEN TO TRUSTEE, WHEN.**

An immediate vested interest in real estate, with the possession only delayed until a future time, is given by a will which devises the property to the devisees named, although the possession and control thereof is given in trust to the executor for a term of years, but during which time, however, the devisees are to have and enjoy all the benefits that could arise out of the bequest while the control is in the trustee.

APPEAL from Franklin common pleas court.

**L. H. Innis,** for plaintiff.

**J. T. Holmes,** for defendant.

**SULLIVAN, J.**

The contention in this case is between the trustees of the university and the judgment creditors of Bert L. Rees, all of whom are defendants in the action. It is, whether the trustees or the said judgment creditors are entitled to the funds now in the sheriff's hands arising from the sale of the realty, for the partition of which the action was brought by the plaintiff. The amount in hands of sheriff is the net one-half of the sum for which the premises were sold. The solution of the question between the parties depends upon the construction to be given to item 4 of the last will of the late Hulda R. Huffman which reads as follows:

"I give, devise and bequeath to my grandson, Bert L. Rees, and to my grandson Walter B. Huffman, share and share alike, my home property situated on the southwest corner of Lexington avenue and Mount Vernon avenue in the following manner, to wit: My executor hereinafter named is to have and to hold the same in trust for the term of ten years; to collect the rents arising therefrom and out of such rents to pay all taxes, insurance and assessments and repairs thereon and expenses, and to pay the net balance of such income equally to my two grandsons aforesaid or the lawful children of such grandchildren in case of the death of either or both of said grandsons before the expiration of said ten years, and at the expiration of said ten years after my

decease, my executor shall turn over to my said grandsons or in case of the decease of either of said grandsons before said term of ten years shall have lapsed without lawful issue of said decedent then the share of such grandson to go to the surviving grandson and to his heirs and assigns forever, said real estate situated in Columbus, Ohio."

The will of the testatrix was executed on January 16, 1891. She died February 6, 1891, and the will was admitted to probate February 14, 1891. The plaintiff as grantee of the grandson, Walter B. Huffman, filed in the common pleas court his petition for partition April 23, 1901. The university claims the funds in the hands of the sheriff under a deed executed and delivered to its trustees for the undivided one-half of the premises by Bert L. Rees on January 30, 1897.

The dates of the judgments of the several creditors of Burt L. Rees are not disputed. It is conceded by counsel representing the university, that said judgments were valid liens upon the undivided one-half of the realty devised by item 4 if an estate therein vested at the death of the testatrix in Bert L. Rees, and therefore prior to any interest or estate in said premises conveyed by the deed to it by said Rees of date January 30, 1897.

"In the construction of wills the intention of the testator must govern." This intention must be ascertained from the language of the instruments as applied to the subject-matter and in whatever language the devise is expressed. If the disposition itself be not unlawful, it must follow the ascertained intent. Every case stands upon the evidence of the testator's intention arising out of each will, and whilst the value of rules of construction when confined to their proper office cannot be overestimated, they are simply to be resorted to as a means to aid in arriving at the intention of the testator. Where the essential data do not correspond, the terms of the will, the subject-matter and the material relations and surroundings attending the cases, it will not do to make one case unquestioned the standard for the decision of another." Hence in the construction of this will the rules of interpretation are valuable only in so far as they aid in ascertaining the intention of the testatrix.

All of the several devises of the will are direct to the grandsons, Burt L. Rees and Walter B. Huffman, except they are not equal, Burt L. Rees receiving the greater share of the estate. By item 2, Burt L. Rees is upon the death of the testatrix to have the immediate possession of the articles therein named. This is also true as to the articles named in item 3 of the will. In item 4 the testatrix uses the same identical language namely: "I give, devise and bequeath to my said grandson,

Franklin County.

Burt L. Rees," and to my grandson, Walter B. Huffman, share and share alike, my home property and in item 5 the disposition of property therein devised, is to the grandsons the same as in item 4, except as to the time when they are to have possession. By item 7, the testatrix uses the same language, "I give, devise and bequeath to my grandson, Burt L. Rees," his heirs and assigns forever the realty therein described, and by item 6 the testatrix gives, devises and bequeaths to the grandsons, Burt L. Rees and Walter B. Huffman, all the rest and residue of her estate both real and personal. No other persons except these grandsons, it seems from the will itself, were in the mind of the testatrix whom she desired should have her estate, unless the fact that in items 4 or 5 where she provides that in case of the death of one or both of the grandsons before the expiration of the time therein stated, that the share of the deceased grandson should go to his children, and if one should die without children, then the share of the deceased grandson should go to the survivor, children and to his heirs forever.

It will be noted first, that the devises, under items 4 and 5 are not to the trustee but direct to the grandsons. From this alone we think it is apparent that the testatrix intended to give the grandsons an immediate vested interest therein, and intended simply to delay the possession thereof until a future time. This view we think is justified by the fact that the grandsons are to have and enjoy all the benefit that could arise out of the bequests whilst the control thereof was in the trustee. It is further to be borne in mind that the bequest in item 4 is real estate and hence does not fall within the line of those cases where the bequests are those in the direction to pay or distribute at the expiration of a period named as was the devise in the case of *Richey* v. *Johnson,* 30 Ohio St. 288, and relied upon by counsel for the university as the controlling authority in the case at bar.

In that case the executors were directed to sell the testator's farm after death of the widow and to distribute the proceeds arising from the sale equally among his brothers and sisters living at that time, and to the children of such as had died before the death of the widow. We are, therefore, of the opinion, that the grandsons, Rees and Huffman, took a vested estate in the real estate devised by item 4, and in consequence thereof, the liens of the judgment creditors of Burt L. Rees are superior and prior to any interest or estate, that the university took under the deed to it, and a decree may be so drawn.

**Dustin** and **Wilson, JJ.,** concur.